KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 07CR3100-JAH |
|---|---|
| Plaintiff, | ) |
| | ) **GOVERNMENT'S MOTION FOR:** |
| v. | ) |
| | ) **(1) FINGERPRINT EXEMPLARS** |
| | ) **(2) RECIPROCAL DISCOVERY** |
| ANTONIO DE LEON-ARTEAGA, | ) |
| | ) **TOGETHER WITH STATEMENT OF FACTS** |
| | ) **AND MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES** |
| Defendant. | ) |
| | ) Date:   December 10, 2007 |
| | ) Time:   8:30 a.m. |
| | ) Court:  The Hon. John A. Houston |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

/ /
/ /
/ /
/ /
/ /

I

## STATEMENT OF THE CASE

On November 14, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Antonio De Leon-Arteaga ("Defendant") with Attempted Entry After Deportation, in violation of Title 8, United States Code, Section 1326. On November 15, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

## STATEMENT OF FACTS

**A.    Defendant's Apprehension**

On October 21, 2007, Border Patrol Agent Morfin was conducting linewatch duties in the El Centro area of operations. Agent Morfin encountered Defendant approximately 3 miles west of the Calexico, California Port of Entry. Agent Morfin identified herself as a Border Patrol Agent and conducted an immigration interview. Defendant admitted he was a Mexican citizen and that he did not have documents allowing him to be in the United States legally. Defendant also admitted he had entered the United States on October 21, 2007 by walking across the border.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. On October 21, 2007, at about 2:02 p.m., Defendant was advised of his Miranda rights.. Defendant elected to invoke his right to counsel. Defendant was advised of his right to speak to consular office and declined.

**B.    Defendant's Criminal and Immigration History**

On November 24, 1992, Defendant was convicted of First Degree Sexual Assault on a Child under the age of 13 in Wisconsin state court. The victim was Defendant's daughter. Defendant was sentenced to 8 years in prison.

On February 14, 2002, Defendant was convicted in Texas state court of a DUI and sentenced to 10 days in jail. On March 28, 2003, Defendant was convicted in Texas state court of driving with a suspended license and was sentenced to 10 days in jail.

On October 29, 2003, Defendant was convicted of Illegal Re-Entry in the Western District of Texas. Defendant was sentenced to 52 months in prison and 3 years of supervised release.

Defendant appeared before an Immigration Judge for a deportation hearing on March 10, 1998. Defendant was physically removed from the United States through the Laredo, Texas Port of Entry on June 5, 1998. Defendant was most recently physically removed from the United States to Mexico on March 13, 2007 through the Del Rio, Texas Port of Entry.

### III

### UNITED STATES' MOTIONS

**A.    FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

**B.    RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 36 pages of discovery and one DVD. The Government is prepared to schedule a viewing of Defendant's A-File. The Government will provide counsel with the audiotape from Defendant's hearing before an Immigration Judge as soon as the tape is received and a duplicate has been made. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense. The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which

1  Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the
2  names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial
3  under Rules 702, 703, and 705 of the Federal Rules of Evidence.

## IV
## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that its motions be granted.

DATED: November 29, 2007.

                           Respectfully Submitted,

                           KAREN P. HEWITT
                           United States Attorney

                           /s/ *Nicole Acton Jones*
                           NICOLE ACTON JONES
                           Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3100-JAH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTONIO DE LEON-ARTEAGA, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Erica Zunkel, Federal Defenders

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 29, 2007.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney