**ERICA K. ZUNKEL**
California State Bar No. 229285
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: erica_zunkel@fd.org

Attorneys for Antonio De Leon-Arteaga

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| UNITED STATES OF AMERICA, | ) | Case No. 07CR3100-JAH |
|---|---|---|
| Plaintiff, | ) | DATE: December 10, 2007 |
| | ) | TIME: 10:30 a.m. |
| v. | ) | |
| | ) | STATEMENT OF FACTS AND |
| **ANTONIO DE LEON-ARTEAGA,** | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF MOTIONS |
| Defendant. | ) | |

**I.**

**BACKGROUND**

Mr. De Leon-Arteaga was arrested on October 21, 2007 near Calexico, California. On November 14, 2007, the grand jury returned an indictment charging Mr. De Leon-Arteaga with one count of violating 8 U.S.C. § 1326(a) & (b). These motions follow.

///
///
///
///
///
///
///

## II.

## **MOTION TO COMPEL DISCOVERY**

Mr. De Leon-Arteaga moves for the production of the following discovery. This request includes discovery of which the government attorney knows, and discovery of which the government attorney may become aware through the exercise of due diligence. See Fed. R. Crim. P. 16. Mr. De Leon-Arteaga has received **36** pages of discovery in this case. Mr. De Leon-Arteaga requests copies of the audiotapes of his removal hearing(s). He has not yet received those tapes.

He has also not received a copy of his A-file. Mr. De Leon-Arteaga filed requests, under the Freedom of Information Act, for the A-file, but the requests might not be processed until after the trial. Thus, Mr. De Leon-Arteaga reiterates his request in this motion. Mr. De Leon-Arteaga needs the opportunity to examine his A-file in its entirety. First, the A-file will have documentation concerning his deportation. Part of Mr. De Leon-Arteaga's defense in this case may be that his underlying deportation was invalid. The documents in the A-file would help illuminate the validity or futility of such a defense. For example, A-file documents typically contain biographical information. Such information is essential to determining whether Mr. De Leon-Arteaga's deportation is invalid.

Second, the government will likely try to show, at trial, that a government officer searched the A-file and did not find an application by Mr. De Leon-Arteaga for permission to enter the United States. The so-called Certificate of Non-existence will state that if Mr. De Leon-Arteaga had applied for permission, that application would definitely be in the A-file; because an application is not in the A-file, Mr. De Leon-Arteaga must not have applied for permission to enter the United States.

Although the certificate might be admissible, the question of how thorough the search of the A-file was is and should be open to cross-examination. United States v. Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. De Leon-Arteaga should be able to search his A-file to see whether an application exists. Moreover, Mr. De Leon-Arteaga should also be able to verify whether other documents that would ordinarily be in the A-file are "non-existent," that is, missing from his A-file. It is a defense that the government lost Mr. De Leon-Arteaga's application as it has other important documents.

/ / /

/ / /

1.  <u>The Defendant's Statements</u>. The government must disclose to Mr. De Leon-Arteaga *all* copies of any written or recorded statements made by Mr. De Leon-Arteaga; the substance of any statements made by Mr. De Leon-Arteaga that the government intends to offer in evidence at trial; any response by Mr. De Leon-Arteaga to interrogation; the substance of any oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings that may have been given to Mr. De Leon-Arteaga; and any other statements by Mr. De Leon-Arteaga. FED. R. CRIM. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* Mr. De Leon-Arteaga's statements, whether oral or written, regardless of whether the government intends to make use of those statements.

2.  <u>Arrest Reports, Notes and Dispatch Tapes</u>. Mr. De Leon-Arteaga also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. De Leon-Arteaga or any other discoverable material is contained. These documents and reports are all discoverable under Federal Rules of Criminal Procedure 16(a)(1)(A) and (B) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See also</u> <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. De Leon-Arteaga are available under Federal Rules of Criminal Procedure 16(a)(1)(A) and (B), 26.2, and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

3.  <u>Brady Material</u>. Mr. De Leon-Arteaga requests all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the governments' case. Impeachment and exculpatory evidence both fall within <u>Brady</u>'s definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

4.  <u>Any Information That May Result in a Lower Sentence</u>. As discussed above, any information that may result in a more favorable sentence must also be disclosed pursuant to <u>Brady</u>, 373 U.S. 83.

/ / /
/ / /

5. <u>The Defendant's Prior Record</u>. Evidence of a prior record is available under Federal Rule of Criminal Procedure 16(a)(1)(D). Mr. De Leon-Arteaga specifically requests a complete copy of any criminal record.

6. <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under Federal Rule of Criminal Procedure 16(a)(1)(D) and Federal Rules of Evidence 404(b) and 609. In addition, under Federal Rule of Evidence 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . .." of any evidence the government proposes to introduce under Federal Rule of Evidence at trial. Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); <u>see also</u> <u>United States v. Brooke</u>, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming <u>Mehrmanesh</u> and reversing convictions).

This includes any "TECS" records as well as any other records(s) of prior border crossings (voluntary entries) that the Government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. Although there is nothing intrinsically improper about prior border crossings, (except, as here, where there are allegations of undocumented status), they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial. <u>United States v. Vega</u>, 188 F.3d 1150, 1154-55 (9th Cir. 1999).

Mr. De Leon-Arteaga requests that such notice be given *three weeks before trial* to give the defense time to adequately investigate and prepare for trial.

7. <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Federal Rule of Criminal Procedure 16(a)(1)(E).

8. <u>Request for Preservation of Evidence</u>. The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, the results of any fingerprint analysis, Mr. De Leon-Arteaga's personal effects, and any evidence seized from Mr. De Leon-Arteaga or any third party. This

///

request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (*e.g.*, undocumented aliens and transients).

It is requested that the prosecutor be ordered to *question* all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

9. <u>Henthorn Material</u>. Mr. De Leon-Arteaga requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. See <u>Kyles v. Whitley</u>, 514 U.S. 419, 437-38 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. Mr. De Leon-Arteaga further requests production of any such information at least *one week* prior to the motion hearing and *two weeks* prior to trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an *in camera* inspection.

10. <u>Tangible Objects</u>. Mr. De Leon-Arteaga requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. De Leon-Arteaga. FED. R. CRIM. P. 16(a)(1)(E).

11. <u>Expert Witnesses</u>. Mr. De Leon-Arteaga requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. FED. R. CRIM. P. 16(a)(1)(G). This summary should include a description of the witness' opinion(s), as well as the basis and the reasons for the opinion(s). See <u>United States v. Duvall</u>, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject

matters to be covered and failed to identify what opinion the expert would offer on those subjects). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with Mr. De Leon-Arteaga or any other witness.

Mr. De Leon-Arteaga requests the notice of expert testimony be provided at a minimum of *three weeks prior to trial* so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determination may require "special briefing or other proceedings")

12.  Impeachment Evidence.  Mr. De Leon-Arteaga requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. De Leon-Arteaga. See Federal Rules of Evidence 608, 609 and 613. Such evidence is discoverable under Brady, 373 U.S. 83. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13.  Evidence of Criminal Investigation of Any Government Witness.  Mr. De Leon-Arteaga requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

14.  Evidence of Bias or Motive to Lie.  Mr. De Leon-Arteaga requests any evidence that any prospective government witness is biased or prejudiced against Mr. De Leon-Arteaga, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Strifler, 851 F.2d 1197.

15.  Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity.  Mr. De Leon-Arteaga requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. Strifler, 851 F.2d 1197; Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

16. <u>Witness Addresses</u>.  Mr. De Leon-Arteaga requests the name and last known address of each prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).  Mr. De Leon-Arteaga also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

17. <u>Name of Witnesses Favorable to the Defendant</u>.  Mr. De Leon-Arteaga requests the name of any witness who made any arguably favorable statement concerning Mr. De Leon-Arteaga or who could not identify him or who was unsure of his identity or participation in the crime charged.  <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis</u>, 637 F.2d at 223; <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir. 1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

18. <u>Statements Relevant to the Defense</u>.  Mr. De Leon-Arteaga requests disclosure of any statements that may be "relevant to any possible defense or contention" that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982).  This includes grand jury transcripts that will be relevant to the defense's anticipated motions to dismiss the indictment.

19. <u>Jencks Act Material</u>.  Mr. De Leon-Arteaga requests production in advance of the motion hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under 3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u> <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitute Jencks material when an agent reviews notes with the subject of the interview); <u>see also</u> <u>United States v. Riley</u>, 189 F.3d 802, 806-08 (9th Cir. 1999).  Advance production will avoid the possibility of delay of the motion hearing or trial to allow Mr. De Leon-Arteaga to investigate the Jencks material.  Mr. De Leon-Arteaga requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

/ / /

20. <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), Mr. De Leon-Arteaga requests all statements and/or promises, expressed or implied, made to nay government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

21. <u>Agreements Between the Government and Witnesses</u>. Mr. De Leon-Arteaga requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

22. <u>Informants and Cooperating Witnesses</u>. Mr. De Leon-Arteaga requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. De Leon-Arteaga. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants that exculpates or tends to exculpate Mr. De Leon-Arteaga.

23. <u>Bias by Informants or Cooperating Witnesses</u>. Mr. De Leon-Arteaga requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio</u>, 405 U.S. 150. Such information would include what, if any, inducement, favors, payments, or threats were made to witness to secure cooperation with the authorities.

24. <u>Personnel Records of Government Officers Involved in the Arrest</u>. Mr. De Leon-Arteaga requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Mr. De Leon-Arteaga. See <u>Pitchess v. Superior Court</u>, 11 Cal.3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

/ / /

1    25.    Reports of Scientific Tests or Examinations. Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(F), Mr. De Leon-Arteaga requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

    26.    Residual Request. Mr. De Leon-Arteaga intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Federal Rule of Criminal Procedure 16.

    Mr. De Leon-Arteaga requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

## III.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

    Defense counsel has received **36** pages of discovery in this case. Defense counsel has not yet seen the A-file, nor has she received copies of Mr. De Leon-Arteaga's removal hearing(s). As information comes to light, due to the government providing additional discovery in response to these motions or an order of this Court, Mr. De Leon-Arteaga may find it necessary to file further motions. It is, therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV.

## **CONCLUSION**

For the foregoing reasons, Mr. De Leon-Arteaga respectfully requests that the Court grant the above motions.

Respectfully submitted,

DATED:  December 3, 2007          /s/ Erica K. Zunkel
**ERICA K. ZUNKEL**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. De Leon-Arteaga