KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR3100-JAH |
| Plaintiff, | |
| v. | **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:** |
| ANTONIO DE LEON-ARTEAGA, | **(1) PRESERVE EVIDENCE AND COMPEL DISCOVERY; AND** |
| Defendant. | **(2) GRANT LEAVE TO FILE FURTHER MOTIONS** |
| | **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date: December 10, 2007 |
| | Time: 8:30 a.m. |
| | Court: The Hon. John A. Houston |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's discovery motion in the above-referenced case. Said response is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//
//
//
//
//

# I

## STATEMENT OF THE CASE

On November 14, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Antonio De Leon-Arteaga ("Defendant") with Attempted Entry After Deportation, in violation of Title 8, United States Code, Section 1326. On November 15, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

# II

## STATEMENT OF FACTS

**A.  Defendant's Apprehension**

On October 21, 2007, Border Patrol Agent Morfin was conducting linewatch duties in the El Centro area of operations. Agent Morfin was notified by a Remote Video Surveillance Systems ("RVSS") operator that a group of three individuals had made an illegal entry into the United States. The RVSS operator maintained visual on the group and directed Agent Morfin to a farm field north of the canal. Agent Morfin responded with her service canine to track the group. Agent Morfin encountered Defendant and two other individuals approximately 3 miles west of the Calexico, California Port of Entry. Agent Morfin identified herself as a Border Patrol Agent and conducted an immigration interview. Defendant admitted he was a Mexican citizen and that he did not have documents allowing him to be in the United States legally. Defendant also admitted he had entered the United States on October 21, 2007 by walking across the border.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. On October 21, 2007, at about 2:02 p.m., Defendant was advised of his Miranda rights.. Defendant elected to invoke his right to counsel. Defendant was advised of his right to speak to consular office and declined.

**B.  Defendant's Criminal and Immigration History**

On November 24, 1992, Defendant was convicted of First Degree Sexual Assault on a Child under the age of 13 in Wisconsin state court. The victim was Defendant's daughter. Defendant was sentenced to 8 years in prison.

On February 14, 2002, Defendant was convicted in Texas state court of a DUI and sentenced to 10 days in jail. On March 28, 2003, Defendant was convicted in Texas state court of driving with a suspended license and was sentenced to 10 days in jail.

On October 29, 2003, Defendant was convicted of Illegal Re-Entry in the Western District of Texas. Defendant was sentenced to 52 months in prison and 3 years of supervised release.

Defendant appeared before an Immigration Judge for a deportation hearing on March 10, 1998. Defendant was physically removed from the United States through the Laredo, Texas Port of Entry on June 5, 1998. Defendant was most recently physically removed from the United States to Mexico on March 13, 2007 through the Del Rio, Texas Port of Entry.

## III

## DEFENDANT'S MOTIONS

### A.  MOTION TO COMPEL DISCOVERY

#### 1.  Discovery in this Matter is Current

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 36 pages of discovery and one DVD. The Government is prepared to schedule a viewing of Defendant's A-File. The Government will provide counsel with the audiotape from Defendant's hearing before an Immigration Judge as soon as the tape is received and a duplicate has been made. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense.

#### 2.  The Government Has and Will Continue to Comply With Its Discovery Obligations

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. As set forth above, the Government has complied and will continue to comply with its discovery obligations going forward.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its

1 witnesses of which it becomes aware.  An inquiry pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29
2 (9th Cir. 1991) will also be conducted.

3   The United States will provide a list of witnesses at the time the Government's Trial
4 Memorandum is filed.  The grand jury transcript of any person who will testify at trial will also be
5 produced.  The United States will produce any reports of experts that it intends to use in its case-in-
6 chief at trial or such reports as may be material to the preparation of the defense.

7   The United States has provided information within its possession or control pertaining to the
8 prior criminal history of Defendant.  If the Government intends to offer any evidence under
9 Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

10   Pursuant to Defendant's request, the Government has inquired about the existence of dispatch
11 tapes or videotapes related to the circumstances of surrounding Defendant's arrest. [Memorandum at
12 3.]  If any dispatch tapes exist, the Government will provide a copy to defense counsel.  The
13 Government has learned that the videotapes are only kept for a maximum of 30 days and no tapes
14 currently exist depicting Defendant's illegal entry or arrest.

15   To the extent Defendant requests other specific documents or types of documents, the
16 Government will continue to disclose any and all discovery required by the relevant discovery rules.
17 Accordingly, the Government respectfully requests that no orders compelling specific discovery by
18 the United States be made at this time.

19   **3.**  **<u>The Government Objects to Requests for Discovery That Go Beyond Any Statutory or Constitutional Disclosure Provision.</u>**
20    a.  <u>TECS Records</u>

21   The Government objects to providing Defendant with crossing reports from the Treasury
22 Enforcement Communications System ("TECS"). [Memorandum at 4.]  TECS reports are not subject
23 to Rule 16(c) because the reports are neither material to the preparation of the defense, nor intended
24 for use by the Government as evidence during its case-in-chief.  The TECS reports are not <u>Brady</u>
25 material because the TECS reports do not present any material exculpatory information or any
26 evidence favorable to Defendant that is material to guilt or punishment.  If the Government intends
27 to introduce TECS information in its case-in-chief at trial, discovery of the relevant TECS reports
28 will be made at least by the time of the filing of its trial memorandum.

    **b.**  ***Impeachment Evidence***

  The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government, however, strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision. [Memorandum at 6.] Nor is Defendant entitled to evidence that a prospective witness has ever engaged in a criminal act or is under criminal investigation by federal, state, or local authorities. [Id.] The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

    **c.**  ***Witness Lists***

  While the Government will supply a tentative witness list with its trial memorandum, it vigorously objects to providing home addresses. See United States v. Steele, 785 F.2d 743, 750 (9th Cir. 1986); United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980); United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses). The Government also objects to any request that the United States provide a list of every witness to the crimes charged who will not be called as a United States witness. [Memorandum at 7.] "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)).

    **d.**  ***Personnel Records of Government Officers Involved in the Arrest***

  The Government objects to Defendant's request that the Government reveal all citizen complaints, and internal affair inquiries into the inspectors, officers, and special agents who were involved in this case – regardless of whether the complaints or inquiries are baseless or material and regardless of whether the Government intends to call the inspectors, officers, and special agents to

testify. [Memorandum at 5, 8.] As previously noted, the Government will comply with <u>Henthorn</u> and disclose to Defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

**B.     MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

## IV
## CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant's motions be denied.

DATED: December 3, 2007.

                    Respectfully Submitted,

                    KAREN P. HEWITT
                    United States Attorney

                    /s/ *Nicole Acton Jones*
                    NICOLE ACTON JONES
                    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO DE LEON-ARTEAGA,<br><br>Defendant. | Criminal Case No. 07CR3100-JAH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Erica Zunkel, Federal Defenders

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2007.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney