```
 1  KAREN P. HEWITT
    United States Attorney
 2  NICOLE ACTON JONES
    California State Bar No. 231929
 3  Federal Office Building
    880 Front Street, Room 6293
 4  San Diego, California 92101-8893
    Telephone: (619) 557-5482
 5  Facsimile: (619) 235-2757

 6  Attorneys for Plaintiff
    United States of America
 7
```

|    |                                    |                                                 |
|----|------------------------------------|-------------------------------------------------|
| 8  |         UNITED STATES DISTRICT COURT                                               |
| 9  |         SOUTHERN DISTRICT OF CALIFORNIA                                            |
| 10 | UNITED STATES OF AMERICA,          ) Criminal Case No. 07CR3100-JAH              |
| 11 |                 Plaintiff,         ) Date: May 12, 2008                          |
|    |                                    ) Time: 11:30 a.m.                            |
| 12 |       v.                           )                                             |
|    |                                    ) GOVERNMENT'S RESPONSE AND                   |
| 13 | ANTONIO DE LEON-ARTEAGA,           ) OPPOSITION TO DEFENDANT'S                   |
|    |                                    ) MOTIONS <u>IN LIMINE</u> TO:                |
| 14 |                 Defendant.         )                                             |
|    |                                    ) (A) EXCLUDE ALL DEPORTATION                  |
| 15 |                                    )     DOCUMENTS;                              |
|    |                                    ) (B) PROHIBIT EVIDENCE UNDER RULES           |
| 16 |                                    )     404(b) and 609;                         |
|    |                                    ) (C) EXCLUDE WITNESSES;                      |
| 17 |                                    ) (D) ALLOW ATTORNEY CONDUCTED                |
|    |                                    )     *VOIR DIRE*;                            |
| 18 |                                    ) (E) PROHIBIT "ALIEN" REFERENCES;            |
|    |                                    ) (F) PRODUCE GRAND JURY                      |
| 19 |                                    )     TRANSCRIPTS;                            |
|    |                                    ) (G) PRECLUDE EXPERT TESTIMONY;              |
| 20 |                                    ) (H) PRECLUDE DOCUMENTS NOT                  |
|    |                                    )     PRODUCED IN DISCOVERY;                  |
| 21 |                                    ) (I) EXCLUDE DEPORTATION HEARING;            |
|    |                                    ) (J) PRECLUDE A-FILE CUSTODIAN               |
| 22 |                                    )     FROM TESTIFYING ABOUT                   |
|    |                                    )     DEPORTATION PROCEEDINGS;                |
| 23 |                                    ) (K) LEAVE TO FILE FURTHER MOTIONS;          |
|    |                                    ) (L) RENEWED MOTION FOR                      |
| 24 | _____  )     RECIPROCAL DISCOVERY.                   |

```
25      COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

26  Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant U.S. Attorney, and hereby

27  files its Response and Opposition to Defendant's motions in limine in the above-referenced case. Said

28  response is based upon the files and records of this case together with the attached statement of facts and

    memorandum of points and authorities.
```

# I

# **STATEMENT OF FACTS**

The United States incorporates herein by reference the statement of facts set forth in its motions in limine of April 28, 2008.

# II

# **ARGUMENT**

## A.    **A-FILE DOCUMENTS ARE ADMISSIBLE**

Defendant argues that the deportation documents are only admissible to prove the element of deportation and may not be used to prove alienage. Defendant's contentions are wrong and contrary to Ninth Circuit authority.

As set forth in the Government's motions in limine dated April 28, 2008, deportation documents found in Defendant's A-file are admissible. Moreover, these documents are admissible to establish Defendant's prior deportation, and they are also relevant to prove Defendant's alienage. See United States v. Hernandez-Herrera, 273 F.3d 1213,1217-18 (9th Cir. 2001) ("deportation documents are admissible to prove alienage"); United States v. Contreras, 63 F.3d 852, 857 (9th Cir. 1995)("We have held that deportation documents are admissible to prove alienage under the public records exception to the hearsay rule.").

Defendant contends that deportation documents cannot be used to establish alienage, but Defendant's argument is based on a misunderstanding of how the A-File documents will be used. Although these documents, standing alone, do not conclusively establish a defendant's alien status, United States v. Sotelo, 109 F.3d 1446, 1449 (9th Cir. 1997), deportation documents are admissible to prove Defendant's alienage. United States v. Loyola-Dominguez, 125 F.3d 1315, 1317 (9th Cir. 1997). Consequently, Defendant's request for a limiting instruction should be denied.

Likewise, Defendant's request for the word "alien" to be redacted from the warrant of deportation documents should be denied. Defendant contends this word should be redacted pursuant to Rule 403. First, the word alien in and of itself is not so prejudicial as to unduly influence the jury in its decision making. Indeed, one of the elements the Government has to prove at trial is that Defendant is an alien; a Section 1326 prosecution cannot go forward without references being made

to Defendant's alienage. Removal of references to alienage on the warrants of deportation would prevent the Government from presenting a complete picture of the deportation proceedings.

Defendant also moves the Court to exclude other A-file documents, including the Notice to Appear and the Warning. At this time, the United States does not intend to offer these documents in its case in chief, but reserves the right to introduce them should they become necessary at trial. As set forth in the Government's motions in limine, A-File documents are admissible under the public records exception to the hearsay rule. See Fed. R. Evid. 803(8)(B); Hernandez-Herrera, 273 F.3d at 1217-18 (deportation documents are admissible under the public records exception to the hearsay rule); Loyola-Dominguez, 125 F.3d at 1317 (finding that although immigration records are made by law enforcement agents, they reflect only "ministerial, objective observations" and do not implicate the concerns of the law enforcement exception). The A-file documents are also admissible under the business records exception to the hearsay rule. See Fed. R. Evid. 803(6); United States v. Dekermenjian, 508 F.2d 812, 814 n.1 (9th Cir. 1974) (district court properly admitted records and memoranda of the Immigration and Naturalization Service as business records).

Finally, Defendant seeks prevent the Government from introducing the Certificate of Non-existence of Record (CNR). A copy of the CNR has already been produced in discovery and is admissible for the reasons set forth in the Government's motions in limine.

**B.     RULE 404(B) AND RULE 609 EVIDENCE**

Defendant seeks to exclude any 404(b) evidence for failure to provide notice. The Government did not provide such notice because the Government does not intend to introduce any 404(b) evidence. The Government has, however, notified Defendant that, absent a stipulation, it intends to use admissions of alienage, deportation, and lack of permission that were made in the August 26, 2003 plea colloquy from his Section 1326 conviction in the Western District of Texas [Crim. Case No. 03CR0194-HLH]. To the extent Defendant is arguing that his statements under oath should be excluded under Rule 404(b), such statements are not evidence of other acts subject to exclusion under Rule 404(b). Rather, the statements are admissible non-hearsay relevant to the elements of the offense in the current prosecution. See Rule 801(d)(2). Accordingly, Defendant's motion to exclude this evidence should be denied.

1   Defendant also seeks to exclude his prior convictions under Rule 609.  Defendant's prior
2 1326 conviction may become relevant at trial if Defendant testifies.  The United States intends to
3 inquire about Defendant's 2003 conviction in the Western District of Texas for violating 8 U.S.C. §
4 1326.  If Defendant testifies at trial, he will place his credibility squarely at issue, and the United
5 States should be able to inquire in particular about his recent immigration conviction.  Copies of
6 documents relating to these convictions have been provided in discovery.  As set forth in the
7 Government's motion <u>in limine</u> to admit Rule 609 evidence, whatever risk of unfair prejudice exists
8 can be adequately addressed by sanitizing the conviction in combination with a limiting jury
9 instruction.
10   Accordingly, the Government should be allowed to introduce evidence of Defendant's most
11 recent prior felony conviction under Rule 609(a) if he elects to testify at trial.

**C.     THE CASE AGENT SHOULD NOT BE EXCLUDED**

As set forth in the Government's motions <u>in limine</u>, the Government's case agent has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team.  Accordingly, the case agent should be not be excluded from the courtroom.

**D.     ATTORNEY CONDUCTED VOIR DIRE**

The United States has no objection to attorney conducted voir dire so long as the Government is given equal time to inquire of the potential jurors.

**E.     REFERENCES TO DEFENDANT AS THE "ALIEN"**

Witnesses for the United States will necessarily use the term "alien" during the course of their testimony to describe A-file documents and the deportation process.  The Government will, however, instruct its witnesses to refer to Defendant as the "Defendant" or "Mr. De Leon-Arteaga."

**F.     GRAND JURY TRANSCRIPTS**

The United States does not plan to have a grand jury witness testify at trial.

//
//
//

**G.  EXPERT TESTIMONY IS ADMISSIBLE**

As set forth in the Government's motions in limine, the Government will be noticing a fingerprint expert, as it does in almost every Section 1326 prosecution in this District. Considering the Court has yet to set a trial date, Defendant's complaint regarding lack of notice is premature.

**H.  EXCLUDE DOCUMENTS NOT YET PRODUCED IN DISCOVERY**

Defendant seeks to exclude any documents not yet produced in discovery. The Government has and will continue to comply with its discovery obligations. The investigation in this case is ongoing and the Government will supplement discovery as needed. Considering the Court has yet to set a trial date, Defendant's request to freeze discovery is premature.

**I.  THE DEPORTATION HEARING AUDIOTAPE IS ADMISSIBLE**

As set forth in the Government's motions in limine, the admissions Defendant made during the course of his 1998 deportation hearing are admissible. Defendant concedes that the Ninth Circuit has already ruled on in this issue in United States v. Solano-Godines, 120 F.3d 957 (9th Cir. 1997). Defendant appears to argue that Defendant had been previously removed or deported prior to his 1998 deportation hearing and that this fact would somehow change the analysis in Solano-Godines. Defendant, however, cannot be distinguished on this ground because Defendant was an LPR until he was convicted of sexually abusing his young daughter. After serving his sentence, Defendant lost his LPR status and was deported. Accordingly, Defendant's attempts to distinguish Solano-Godines are unavailing.

**J.  THE A-FILE CUSTODIAN MAY TESTIFY ABOUT IMMIGRATION PROCEEDINGS**

Defendant moves the Court to preclude the A-file custodian from testifying about immigration proceedings and the significance of documents in Defendant's A-file. The Court should not limit the testimony of the A-file Custodian as requested by Defendant.

At trial, a Border Patrol Agent will be called to testify about the documents contained in Defendant's A-File. See United States v. Loyola-Dominguez, 125 F.3d 1315, 1317 (9th Cir. 1997) (agent "served as the conduit through which the government introduced documents from INS' Alien Registry File"). This agent will have personal knowledge of the deportation and removal process.

1  Such testimony is proper under Rule 701 because it will be "helpful to a clear understanding of the
2  determination of a fact in issue."  The testimony will not be unduly prejudicial or a waste of time
3  under Rule 403.

**K.   MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

**L.   UNITED STATES' RENEWED MOTION FOR RECIPROCAL DISCOVERY**

The Court granted the United States' request for reciprocal discovery.  As of the date of these motions, Defendant has produced no reciprocal discovery.  The United States requests that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires the production of prior statements of <u>all</u> witnesses, except for those of Defendant. Defendant has not provided the United States with any documents or statements.  Accordingly, the United States intends to object at trial and ask this Court to suppress any evidence at trial which has not been provided to the United States.

**M.   DEFENDANT'S REINSTATEMENT IS ADMISSIBLE**

The caption to Defendant's motions <u>in limine</u> also seeks to exclude evidence of Defendant's reinstatement.  Defendant, however, did not include an actual motion to exclude this evidence.  In any case, such a motion would lack merit.  Defendant was deported by an immigration judge in 1998. Defendant reentered the United States and was convicted of violating Section 1326 in 2003. Defendant's deportation order was reinstated in 2007 and he was physically removed from the United States.  Defendant reentered the United States again and this reentry is the subject of the current prosecution.  Under these circumstances, the Government is required to prove that Defendant was removed subsequent to his 2003 conviction.  Thus, the Government must introduce the 2007 removal and that removal can only be established by reference to the original deportation.

//
//

# III
## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court deny Defendant's motions in limine.

DATED:     May 5, 2008.

                                                      Respectfully submitted,

                                                     KAREN P. HEWITT
                                                   United States Attorney

                                                   ***/s Nicole Acton Jones***
                                                   NICOLE ACTON JONES
                                                   Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 07CR3100-JAH |
| Plaintiff, ) | |
| v. ) | |
| ANTONIO DE LEON-ARTEAGA, ) | **CERTIFICATE OF SERVICE** |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Erica Zunkel, Federal Defenders

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 5, 2008.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney